**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| DEBORAH DONALDSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    Civil Action No. AW-06-1884 |
| | * |
| INTERNATIONAL ASSOCIATION OF | * |
| MACHINISTS AND AEROSPACE | * |
| WORKERS, | * |
| | * |
| Defendant | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

On July 25, 2006, Deborah Donaldson ("Donaldson" or "Plaintiff") filed this action against International Association of Machinists and Aerospace Workers ("IAM" or "Defendant") alleging Defendant terminated her employment in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq*. Currently pending before the Court is Defendant's Motion to Dismiss [8]. The motion has been fully briefed and the Court has reviewed the entire record. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth more fully below, the Court will GRANT Defendant's Motion to Dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

The Court gleans the relevant facts from Plaintiff's Complaint. IAM is a Maryland company with its principal place of business in Upper Marlboro, Maryland. From February 12, 1996 until May 10, 2005, Donaldson was an employee of IAM. During this time period, Donaldson consistently received satisfactory work review. Beginning on January 31, 2005, however, Donaldson was absent from work due to a serious medical condition, necessitating two

1

surgeries–one on February 5 and the second on April 15. In early February, physicians informed Donaldson that her illness and resulting surgeries would require an extended leave. As a result, Donaldson applied for FMLA leave and gave IAM notice of her intent to take leave under the FMLA. Yet, prior to applying for FMLA leave, Donaldson had exhausted her accrued sick leave.

On March 8, 2005, IAM approved Donaldson's FMLA leave application. Throughout the leave period, Donaldson had no indication that there were issues with her absence from work. She interacted with IAM's agents numerous times throughout her leave, and complied fully with the FMLA requirements. On May 10, 2005, after being continuously absent from work for approximately 15 weeks, IAM terminated Donald's employment. At the time of her termination, IAM knew that Donaldson continued to suffer from the same serious medical condition that had required her utilization of FMLA leave.

## **STANDARD OF REVIEW**

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual

allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Therefore, a complaint may be dismissed as a matter of law only if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## **ANALYSIS**

On a Rule 12(b)(6) motion to dismiss, the Court tests the legal sufficiency of the plaintiff's Complaint. In her Complaint, Donaldson alleges a single claim against IAM, asserting that Defendant violated Section 105(a)(1) of the FMLA. *See* 29 U.S.C. § 2615(a)(1). Section 105(a)(1) provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under [the FMLA]." *Id.* The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for . . . a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). After the 12 weeks of leave, an employee who returns to work is entitled to the same or equivalent position as before the leave. 29 U.S.C. § 2614(a). Nothing in the FMLA, however, requires the employer to provide additional leave in excess of the statutory 12 weeks. *See generally Ragsdale v. Wolverine World Wide, Inc.*, 218

F.3d 933, 937 (8th Cir. 2000) (explaining that "twelve weeks of leave is both the minimum the employer must provide and the maximum that the [FMLA] requires") ("*Ragsdale I*"), *aff'd*, 535 U.S. 81 (2002) ("*Ragsdale II*").

If an employee is unable to return to work at the expiration of her FMLA leave, then the employer is no longer under a duty to maintain the employee's position or employment. *See Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 763 (5th Cir. 2001) (stating that "[i]f an employee fails to return to work on or before the date that FMLA leave expires, the right to reinstatement also expires"); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 161 (2d Cir. 1999) ("The fact that [the employee] was not restored to his position at the end of that 12-week period did not infringe his FMLA rights because it is also undisputed that at the end of that period he remained unable to perform the essential functions of his . . . position.").

In the instant case, Donaldson claims that although she was absent from work for approximately 15 weeks due to a serious medical condition, she did not receive notice that her absence was being considered FMLA leave until her application was approved on March 8, 2005. The Supreme Court addressed this issue in the *Ragsdale* case. In that case, the Supreme Court struck down Department of Labor regulations that required employers to continue to provide up to 12 weeks of FMLA leave from the date the employee was notified of the decision to provide FMLA leave. *Ragsdale II*, 525 U.S. at 89. Instead, the Court required the plaintiff to show that the lack of notice impaired her rights in that she would have taken less leave or intermittent leave had she received the notice. *Id.* at 90. Then, and only then, may the plaintiff be entitled to additional leave.

In the present case, Plaintiff's Complaint is the author of its own demise. Donaldson concedes on the face of the Complaint that she received nearly 15 weeks of continuous leave as a

4

result of her serious medical condition. Compl. ¶ 5. Donaldson alleges that she used and exhausted her accrued sick leave prior to applying for FMLA leave in early February 2005. Compl. ¶¶ 4-5. Donaldson also admits that at the time of her termination, she was still unable to return to work. Compl. ¶ 12. Even taking the factual allegations in the Complaint as true, it is still clear that Donaldson cannot recover on her FMLA claim. Not only did IAM provide her with more than the required 12 weeks of leave, but Donaldson has not alleged that the delay in notice impeded her eventual return to work. In fact, Donaldson admits that on May 10, after nearly 15 weeks of continuous absence from work, she was still suffering from the same medical condition. Therefore, even without the delay in notice, Donaldson would not have been able to return to work at the expiration of her 12 weeks. Under these facts, the FMLA provides no relief for Plaintiff. Consequently, the Court must dismiss her Complaint.

## **CONCLUSION**

For the reasons stated above, the Court will grant Defendant's Motion to Dismiss. An Order consistent with this opinion will follow.

October 6, 2006
Date

/s/
Alexander Williams, Jr.
United States District Judge